**In re Monserrate GARCIA, Debtor.**

**Appeal of HARRIS TRUST & SAVINGS BANK.**

**Bankruptcy No. 82 C 895.**

United States District Court,
N. D. Illinois, E. D.

June 8, 1982.

Lawrence Friedman, Chicago, Ill., for Harris Trust & Savings Bank.

Daniel J. Olofsson, Chicago, Ill., for Garcia.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge.

Harris Trust & Savings Bank ("Harris") appeals from a decision of the Bankruptcy Court dated November 17, 1981 ordering Harris to turn over to the estate $411.63. Harris had obtained that sum of money by taking that amount of money from the debtor's regular checking account at the Harris and setting it off against a debt owed to the Harris. The debt owed to Harris occurred as a result of overdraw privileges exercised by the debtor in her Convenience Checking Account at Harris. The Convenience Checking Account debt was incurred by the debtor more than 90 days prior to the filing of the petition in bankruptcy under Chapter 7. The funds in the debtor's regular checking account which were set off by Harris resulted from the deposit of the debtor's payroll check. That deposit was made by the debtor *after the petition in bankruptcy had been filed.* The set-off occurred May 11, 1981. The bankruptcy petition was filed April 20, 1981.

■ The Bankruptcy Court conducted a brief evidentiary hearing, principally on the issue of whether Harris had actual notice of the bankruptcy at the time of the set-off. The Bankruptcy Court then issued an opinion which properly recognized that the notice issue was irrelevant. The opinion concluded that the automatic stay provision of Section 362(a)(7) of the Bankruptcy Act applied and that Harris could not set off in violation of the automatic stay. The Bankruptcy Court held that even if Harris had been entitled to set-off prior to the filing of the bankruptcy petition under Section 553 of the Bankruptcy Act, Harris may not engage in self-help in violation of the automatic stay.

The holding is clearly correct. The automatic stay is in force from the time the petition in bankruptcy is filed and the fact that the creditor had not received notice of the filing is irrelevant.* The question of whether Harris' set-off was proper under Section 553 was not addressed by the Bankruptcy Court.

On appeal, Harris argues that even though its conduct might have violated the automatic stay, Harris is still entitled to keep the amount it set off because it had a valid secured claim on those funds. Harris bases its argument on the Convenience Checking Account Agreement which apparently grants Harris a "lien secured by deposits" in the debtor's regular checking account. While such an argument could have been made as a proper response to the debtor's Motion for a Turn-Over Order, it was not made to the Bankruptcy Court at the time of the evidentiary hearing or in Harris' written Response to Motion for Turn-Over Order.

■ Assuming that the argument can be made for the first time on appeal, Harris still cannot succeed on this appeal. The funds which Harris set off were not in the debtor's regular checking account before the petition in bankruptcy was filed. The debtor deposited a payroll check after the

* The question of notice becomes important if the issue is whether the creditor should be held in contempt or whether the court should exercise its discretion and deny the creditor's right of set-off because of the creditor's conduct. Neither of these issues was present before the Bankruptcy Court at the time of the evidentiary hearing nor were raised in the debtor's Motion for Turn-Over Order.

petition was filed. Harris had no right to use those funds to set-off against a debt which existed prior to the filing of the petition.

■ Technically, there is no mutuality as required by Section 553 of the Bankruptcy Act. The mutual debt and mutual credit between the bankrupt and the creditor must exist at the time of the filing of the petition in bankruptcy. See *Matter of T&B General Contracting, Inc.,* 12 B.R. 234 (Bkrtcy.Fla.1981); *Ansfield v. Whitewater Oil Co.,* 254 F.Supp. 494 (D.Wis.1966).

Accordingly, the order of the Bankruptcy Court appealed from is affirmed.