In re James W. **WHITMAN** and Cheryl Whitman, Debtors.

James **WHITMAN** and Cheryl Whitman, Plaintiffs,

v.

**SEEDTEC INTERNATIONAL, INC.,** Defendants.

Bankruptcy No. 82–05643.
Adv. No. 83–7070.

United States Bankruptcy Court,
D. North Dakota.

Feb. 15, 1984.

Jonathan R. Fay, Fargo, N.D., for plaintiffs.

William A. Schlossman, Jr., Fargo, N.D., for defendants.

## MEMORANDUM OPINION

WILLIAM A. HILL, Bankruptcy Judge.

This case was commenced by the Debtors, James and Cheryl Whitman, on February 10, 1983, seeking turnover of sales commissions allegedly due the Plaintiff, James Whitman (Whitman), from the Defendant, SeedTec International, Inc. (Seed-Tec). SeedTec admits a commission was earned but claims a setoff pursuant to section 553 of the Code. The parties have stipulated to the facts and have agreed the Court may render a decision based upon those facts which, as relevant, are as follows:

### 1.

SeedTec is a corporation involved in the sale of sunflower seed and other farm products. On October 14, 1981, Whitman and SeedTec entered into an authorized associate agreement whereby Whitman became responsible for the delivery of Seed-Tec product sold within a certain area. As compensation, Whitman was allowed a 25 percent discount from the price of any product he purchased for his own use. In addition, he was given a 5 percent commission of the purchase price of all product he delivered under the agreement. This commission was payable when SeedTec was paid according to specific settlement dates set forth in the agreement itself. Whitman earned the commission when he completed all delivery work and other duties set out in the agreement. However, no commissions were payable to him until SeedTec had actually received payment from the ultimate purchaser.

Whitman and his wife filed for relief under Chapter 11 of the Bankruptcy Code on November 19, 1982. Prior to that time, Whitman had completed delivery of product and was entitled to commissions totalling $1,969.24 based upon payments received by SeedTec before November 19 of $39,384.75. After November 19, 1982, SeedTec received additional payments resulting in further commissions due. All commissions due Whitman stem from work he completed during the spring and summer of 1982. The total commissions due him and for which turnover is demanded is $2,265.92. SeedTec has refused to pay this sum because it claims a setoff for seed purchases made by Whitman between December 1, 1981, and June 29, 1982, totalling $4,890.01, including the allowed discount. On August 24, 1982, Whitman executed a retail installment contract covering the price of his seed purchases, the total of which together with interest was to have been paid in full by November 1, 1982. No payments were ever made. After deduction of a $675.00 credit, Whitman remains indebted to Seed-Tec in the sum of $4,215.01 which SeedTec claims as a setoff against unpaid commissions.

### 2.

The central issue is whether Seed-Tec is entitled to a setoff against Whitman. Whitman claims that SeedTec is estopped from asserting a setoff because it did not assert such right until after the bankruptcy

petition had been filed. Further, Whitman questions whether the respective claims meet the test for mutuality and challenges the notion that SeedTec's debt to him had matured by the time of the petition filing. Section 542(b) of the Code requires an entity that owes a matured debt to the estate to make payment to the trustee (debtor) "except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor". Section 553 contemplates a setoff of a debt owed by a creditor against a claim of that creditor. Both the debt and the claim must have arose prior to the bankruptcy filing, and they must be mutual obligations. 4 Collier on Bankruptcy, 15 Ed. ¶ 553.02. The basic test is mutuality of obligation—something owed by both sides in the same rights and capacities. The debt need not be of the same character and, in fact, the Code itself contemplates debts arising from different transactions. Colliers, ¶ 553.04.

In the instant case, SeedTec's debt to Whitman arose by virtue of work done for SeedTec pursuant to the agreement. Seed-Tec's claim arose by virtue of purchases from it by Whitman. There is no doubt that the debt of SeedTec to Whitman and its claim against him were mutual.

 The Code contemplates that a set-off may be asserted even though it may not be liquidated at the time of filing. The only requirement is that it must have matured by that time. The law on this point was set out in the case of *Matter of Isis Foods, Inc.*, 24 B.R. 75 (Bkrtcy.W.D.Mo. 1982) where the court, quoting from Colliers, observed:

> It is patent law on the issue of setoff, however, that the right of setoff may be asserted in the bankruptcy case even though at the time the petition is filed one of the debts involved is absolutely owing but not presently due, or where a definite liability has accrued but is as yet unliquidated. Nor is it necessary that the debt sought to be setoff be due when the case is commenced.

All work done by Whitman and which gave rise to the commission indebtedness was finished in the spring and summer of 1982, some months prior to the November 19, 1982, bankruptcy filing. Similarly, all purchases made by Whitman were completed by June 29, 1982—again many months before the filing. From these facts, there is no question that SeedTec's debt to Whitman was absolutely owing long before the bankruptcy filing. Similarly, there is no question that Whitman's debt to SeedTec for purchased grain was also absolutely owing long before the filing. The fact that Whitman had to wait for payment until SeedTec received payment from the ultimate purchaser does not alter the debt's status as a matured claim but only has a bearing upon when that claim was to be paid. The case of *In re McCormick*, 5 B.R. 726 (Bkrtcy.N.D.Ohio 1980) is inapplicable here inasmuch as it pertains to a claimed setoff by a bank of retail installment payments made to it by the debtor on an automobile loan taken out at least a year preceding the bankruptcy filing. In that case, the bank was relying upon section 547(c)(2) of the Code which excepts from preference treatment certain payments made in the ordinary course of business. There the court found that the debt was actually incurred the time the retail installment contract was entered into and thus was substantially outside of the 45-day period. In the instant case we are dealing with mutual debts existing between Seed-Tec and Whitman. Whitman suggests that SeedTec must have done something prior to the filing of the petition evidencing its intention to claim a setoff and by failure to do so, it has waived its right to a setoff. This would be the ultimate result if the entire bankruptcy case had progressed without any effort on the part of SeedTec to assert such claim. However, the language of section 553 indicates that the framers of the Code assumed that there might be offset claims made after the petition had been filed. In this light, courts have held that the effect of the stay does not destroy a creditor's right to assert its setoff claim at some later time through the bankruptcy process. *In re Fulghum Const. Corp.*, 23 B.R. 147 (Bkrtcy.M.D.

398

Tenn.1982); *In re Terry,* 7 B.R. 880 (Bkrtcy.E.D.Va.1980). Thus, a party claiming a setoff may take steps to assert that setoff at any time before the filing or, once a filing has taken place, he may exercise his right only within the framework of the Code. The right itself, however, is not destroyed. Only the manner in which it is exercised is changed. The person claiming a setoff after the bankruptcy filing may proceed by seeking a lifting of the automatic stay or, as in the instant case, may in response to a lawsuit for turnover of property affirmatively allege its right of setoff. SeedTec has properly claimed its right of setoff by raising the issue in answer to the Plaintiffs' complaint.

From the facts, the Court finds that SeedTec is properly entitled to a setoff. Accordingly, the Plaintiffs' complaint is dismissed without costs to either party.