**In re Iodell Mann WARD, a/k/a Iodell M. Ward, Debtor.**

**Bankruptcy No. 184–00520.**

United States Bankruptcy Court, M.D. Tennessee.

June 22, 1984.

Charles C. Peterson, Waynesboro, Tenn., for Peoples Bank.

William Travis Gobble, Lawrenceburg, Tenn., for debtor.

Jane B. Forbes, Franklin, Tenn., Chapter 7 trustee.

## ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on a motion by Peoples Bank seeking relief from the stay pursuant to 11 U.S.C. § 362(d) (West 1979). Peoples Bank has frozen the debtor's checking account and seeks, pursuant to 11 U.S.C. § 553 (West 1979), to set off the balance of the account in the amount of $596.83. Upon consideration of the statements of counsel, testimony of witnesses, stipulations, exhibits, and the entire record, this court concludes that Peoples Bank's motion for relief from the stay shall be DENIED. The funds presently frozen in the debtor's checking account shall be paid to the Chapter 7 trustee pending a determination by this court as to whether they constitute property of the estate.

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The debtor, Iodell Mann Ward, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 27, 1984. At this time, the debtor maintained a checking account with Peoples Bank in Waynesboro, Tennessee. The account had a balance of $180.45 immediately prior to the filing of the debtor's bankruptcy petition. Subsequent activity in the account shows numerous withdrawals by the debtor in excess of $180.45, as well as a number of deposits including $17.88 and $546.60 made on March 30th and April 2nd, respectively. The bank froze the debtor's account on April 5, 1984, and claims a right to set off the balance of these post-petition deposits.

This court has held that a creditor bank may, after the filing of a bankruptcy petition, freeze a debtor's checking account and request relief from the stay in order to exercise a valid right of setoff. The bank must, however, establish the elements entitling it to a setoff pursuant to 11 U.S.C. § 553 (West 1979). *Third National Bank in Nashville v. Carpenter*, 14 B.R. 405 (Bankr.M.D.Tenn.1981). *See also, McLemore v. Citizens Bank of Cookeville (In re Tom McCormick Enterprises, Inc.)*, 26 B.R. 437 (Bankr.M.D.Tenn.1983); *Waldschmidt v. Columbia Gulf Transmission Company (In re Fulghum Construction Corporation)*, 23 Bankr. 147, 153–154 (Bankr.M.D.Tenn.1982).

Under 11 U.S.C. § 553 (West 1979) a creditor may be entitled to set off a debt owing to the debtor "that arose before the commencement of the case" against a claim against the debtor "that arose before the commencement of the case." 11 U.S.C. § 553(a) (West 1979). *See Carpenter* at 408. In this case, Peoples Bank has failed to establish that it owed the funds in question to the debtor before the commencement of the case. Without the existence of mutual pre-petition debts, Peoples Bank is not entitled to set off the funds. *In re Garcia*, 23 B.R. 266 (N.D.Ill.1982); *In re Haffner*, 25 B.R. 882, 888 (Bankr.N.D.Ind. 1982); *McLemore* at 440–441; *Third National Bank in Nashville* at 408; *Citizens Fidelity Bank & Trust Co. v. All-Bright Sun Service Co., Inc.*, 11 B.R. 409, 411 (Bankr.W.D.Ky.1981).

Peoples Bank could argue that it was entitled to set off funds equal to the debtor's checking account balance immediately prior to the filing of the bankruptcy petition. If the court were to accept this argument, it would have to ignore the fact that the debtor was allowed to make post-petition withdrawals of these funds. In the present case, the funds in question represent a post-petition debt owed by Peoples Bank to the debtor. *See York Tracktown Employees Credit Union v. Thompson (In re Samuels)*, 31 B.R. 120 (Bankr.M.D.Pa. 1983); *Citizens Fidelity Bank & Trust Co.* at 411. Accordingly, the court concludes that Peoples Bank has no right to set off the funds in question.

The court has been unable to determine from the evidence presented whether or not the funds in question constitute property of the estate pursuant to 11 U.S.C. § 541 (West 1979). Accordingly, the court ORDERS that Peoples Bank remit the funds

presently frozen in the debtor's checking account to the Chapter 7 trustee in this case. The funds shall be held by the trustee until further order of this court. A hearing will be held concerning whether or not these funds constitute property of the estate at 10:00 o'clock a.m. on July 27, 1984, in the courtroom, Old Post Office Building, Columbia, Tennessee.

IT IS, THEREFORE, SO ORDERED.