In re G.S. OMNI
CORPORATION, Debtor,

James H. TURNER, Trustee for the
Liquidation of G.S. Omni
Corporation, Appellee,

v.

UNITED STATES of America; Donald T.
Regan, Secretary of Treasury; Roscoe
L. Egger, Jr., Commissioner of the
I.R.S.; G.L. Mihlbachler, District Di-
rector of I.R.S., Appellants.

No. 86–1065.

United States Court of Appeals,
Tenth Circuit.

Dec. 30, 1987.

Thomas R. Lamons, Attorney, (Roger M.
Olsen, Asst. Atty. Gen.; Michael L. Paup,
Wynette J. Hewett, Attorneys, with him on
the brief), Tax Div., Dept. of Justice, Wash-
ington, D.C., for appellants.

Maria J. Flora, Attorney, (Daniel W.
Rumsey, Attorney, with her on the brief),

Gorsuch, Kirgis, Campbell, Walker and
Grover, Denver, Colo., for appellee.

Before McKAY, MOORE and
BALDOCK, Circuit Judges.

PER CURIAM.

The Government, creditor, appeals from
an order of the district court affirming a
bankruptcy court decision ordering the
Government to turn over to James A. Turn-
er, trustee, tax refunds due G.S. Omni Cor-
poration, debtor, because the Internal Rev-
enue Service's (IRS) failure to file a timely
proof of claim precluded it from exercising
a right of setoff. On appeal, the Govern-
ment argues that the district court and
bankruptcy court erred in holding that the
timely filing of a proof of claim is a prereq-
uisite to asserting a right of setoff under
11 U.S.C. § 553. We reverse.

The debtor was a securities broker and
dealer from March, 1980, to February,
1982. By the end of February, debtor had
ceased doing business, and the Securities
Investor Protection Corporation filed in the
bankruptcy court for appointment of a
trustee for purposes of liquidating the
debtor. In March, 1982, the bankruptcy
court appointed the trustee and ordered
liquidation of the debtor's property pursu-
ant to the Securities Investor Protection
Act. *See* 15 U.S.C. §§ 78aaa–78*lll.*

Notice of liquidation and the six month
limitation for filing proofs of claim was
published in local newspapers. The IRS
offices in Ogden and Denver were sent
formal notice of the liquidation and the
proof of claim filing deadline of September
27, 1982. The IRS did not file a proof of
claim by the bar date.

On September 15, 1982, the trustee filed
Form 4446, Corporate Application for
Quick Refund of Overpayment of Estimat-
ed Tax, requesting a refund of estimated
income taxes. The IRS sent the trustee
part of the amount requested. It set off
the remaining amount against unpaid tax
liabilities. In March, 1983, the trustee filed
Form 1129, Corporate Application for (Ten-
tative) Refund Due to Net Operating Loss
after Carrybacks, claiming corporate in-

come tax refunds. The IRS refused to make any refunds and asserted it was entitled to set off the entire amount of the refund against debtor's unpaid tax liabilities.

On March 7, 1984, the trustee commenced this turnover proceeding in the Bankruptcy Court seeking the amounts he had claimed as refunds and interest, costs, and attorney's fees. The trustee contended that the Government was not entitled to exercise any setoff rights, because it had not filed a timely proof of claim. The Bankruptcy Court agreed and ordered the Government to turn over the money sought by the trustee. The district court affirmed.

The question presented is whether a creditor may assert a right of setoff against the claims of a bankruptcy estate without filing a proof of claim before the bar date. The bankruptcy court held, in effect, that failure to file a timely proof of claim terminated the claim in all its aspects, including the creditor's right to assert the setoff as a defense to the action by the trustee. In its analysis, the bankruptcy court was persuaded that allowing the creditor to assert the defense of setoff would unfairly permit the creditor to obtain a greater portion of its debt than other creditors. The court therefore believed that disallowance of the right of setoff was mandated by the need for "procedural consistency ... crucial to the fair and orderly operation of bankruptcy law." The court concluded that the preclusive effect of the failure to file a proof of claim must work against the right to assert a setoff. We disagree with this analysis.

Any analysis of the issue starts with the statutory underpinning of the turnover action, 11 U.S.C. § 542(b). In circumscribing the duty of a creditor owing a matured debt to the estate, § 542(b) mandates the debt be paid to the trustee "except to the extent that such debt may be offset under section 553 of this title." It is important to note, however, that the § 542(b) right to exercise the defense of setoff is not limited by time constraints nor tied to the filing of a proof of claim. *See In re Central Equip. & Serv. Co.,* 61 B.R. 986, 988 (Bankr.N.D.

Ga.1986); *In re Sutton Invs., Inc.,* 53 B.R. 226, 230 (Bankr.W.D.La.1985); *In re Whitman,* 38 B.R. 395, 398 (Bankr.D.N.D.1984); *In re Ford,* 35 B.R. 277, 279 (Bankr.N.D. Ga.1983); *In re Fulghum Constr. Corp.,* 23 B.R. 147, 152–53 (Bankr.M.D.Tenn. 1982), *vacated on other grounds,* 706 F.2d 171 (6th Cir.1983).

The right of setoff is one which is grounded in fairness. It would be unfair to deny a creditor the right to recover an established obligation while requiring the creditor to fully satisfy a debt to a debtor. Hence, the right of setoff is universally recognized. 4 *Collier on Bankruptcy* 15th Ed. ¶ 553.02 (1986).

Thus, one who turns to § 553 discovers, in general terms, that a creditor's pre-bankruptcy setoff rights are not affected by the Bankruptcy Code, except in certain defined instances. *Id.* The only one of those instances remotely applicable here is that a creditor cannot set off a claim which has been disallowed. 11 U.S.C. § 553(a)(1).

The circumstances which lead to the disallowance of a claim are set forth in 11 U.S.C. § 502(b). None of these deal with failure to file a proof of claim. Hence, we reason, since setoff can be asserted in the absence of disallowance, and since a claim cannot be disallowed for failure to file, it must be concluded a creditor's failure to file a proof of claim cannot affect the creditor's right to assert the defense.

There must be a fundamental distinction drawn between the provisions of the Code which deal with a proof of claim and its effect on the administration and distribution of the estate, and the *debt* which gives rise to a claim. While a creditor who wishes to participate in the distribution of an estate is required to file a proof of its claim, and while that participation can be denied by the disallowance of the claim, the underlying debt continues to exist. Indeed, were it not for the continuing existence of the debt (or "claim") there would be no need for a discharge of debts issued pursuant to 11 U.S.C. § 727(b).

Accordingly, we reason that even though a creditor may be prevented from participating in the distribution of the estate, the

debt has viability until it is discharged. Naturally, without relief from the automatic stay, the debt cannot be enforced, 11 U.S.C. § 362, but it is still imbued with other attributes. One of those is the right of setoff. 4 *Collier on Bankruptcy*, 15th Ed. ¶ 553.05[2] (1986).

Making the right to assert the attribute of setoff dependent upon the filing of the proof of claim is an intrusion into the creditor's rights which is not contemplated in the Bankruptcy Code. It is also an improper application of the provisions of 11 U.S.C. § 502(b).

Setoff must be distinguished from a claim requesting a distribution from the liquidation of an estate. Here the Government sought only to exercise its right to a setoff as a defense to the turnover action. Instead of seeking a distribution from the liquidation of the estate or double recovery, the Government attempted to satisfy its claim only to the extent of the money due from the Government to the debtor. As long as the debt owed the Government continued to exist, the Government had the right to do so.

Accordingly, we hold that until discharge is ordered, a creditor need not file a proof of claim as a prerequisite to asserting a right of setoff pursuant to § 553. The judgment of the United States District Court for the District of Colorado is REVERSED. This action is REMANDED to the district court with instructions to remand to the bankruptcy court for further proceedings addressing the Government's right to setoff pursuant to the requirements of § 553.