**In re NTG INDUSTRIES, INC., d/b/a Northtown Glass an Illinois corporation, Debtor.**

**Bankruptcy No. 88 B 01635.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 9, 1989.

196

Thomas Hayward, Matthew K. Phillips, Bell, Boyd & Lloyd, Chicago, Ill., for claimant True Line Mold and Engineering Corp.

Joel H. Shapiro, Kamenear, Kadison & Anderson, Chicago, Ill., for debtor NTG Industries, Inc.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes to be heard on the objection of NTG Industries, Inc. ("NTG") to the claim of True Line Mold & Engineering Corp. ("True Line Mold"). For the reasons set forth herein, the Court having considered all the pleadings and exhibits attached thereto, does hereby overrule NTG's objection and allows True Line Mold to setoff its claim.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Orders of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## II. FACTS AND BACKGROUND

During the period of October 2, 1987 and January 15, 1988, True Line Mold sold to NTG a supply of plastic clips in connection with the manufacturing of glass fixtures, on account which, after credits, totaled $46,474.25. On February 4, 1988, NTG filed a Chapter 11 petition. True Line Mold filed a proof of claim in the amount of $46,474.25 claiming a right of setoff. The alleged right of setoff arose from a promissory note which True Line Mold executed on May 25, 1986, to NTG in the principal amount of $77,000.00 with interest at a rate of ten percent per year. Interest was to accrue from May 25, 1986, but payments of principal were not to commence until May 25, 1988. The note permitted the holder to accelerate upon default in the payment of principal or interest. Several payments of interest were made but no payments of principal have been made to date.

On March 23, 1989 the Court confirmed a plan of reorganization. On June 20, 1989, NTG filed an objection to True Line Mold's claim. The objection in essence asserted that NTG was indebted to True Line Mold in the amount of $46,203.78, approximately $270.00 less than the amount of the filed claim. The objection did not speak to the alleged right of setoff. The matter was set for hearing on July 14, 1989. At that time, the Court ordered simultaneous briefs to be filed on or before July 24, 1989. Reply briefs were due thereafter on July 31, 1989. On July 24, 1989 the Court received a memorandum from True Line Mold in opposition to the objection to the claim. NTG did not file a brief.

## III. DISCUSSION

A creditor's right of setoff is set forth in Section 553 of the Bankruptcy Code which provides in relevant part:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ...

11 U.S.C. § 553(a).

The right of setoff is within the discretion of the court, exercised under the principles of equity. *In re Southern Industrial Banking Corp.*, 809 F.2d 329, 332

(6th Cir.1987); *In re Charter Co.*, 86 B.R. 280, 283 (Bankr.M.D.Fla.1988). The Seventh Circuit, in speaking to section 553 opined, "[t]he only sense we can make of the rule is that it recognizes that the creditor who owes his debtor money is like a secured creditor; indeed, the mutual debts, to the extent equal, secure each party against the other's default." *In re Elcona Homes Corp.*, 863 F.2d 483, 485 (7th Cir. 1988).

■ Section 553 requires that the debts be mutual and prepetition. *Boston & Maine Corp. v. Chicago Pacific Corp.*, 785 F.2d 562, 565–566 (7th Cir.1986); *In re Braniff Airways, Inc.*, 42 B.R. 443, 447 (Bankr.N.D.Tex.1984). The term "mutual debt" is not defined by the Bankruptcy Code. The mutuality requirement, however, is strictly construed. 4 *Collier on Bankruptcy* § 553.04 at 553–17 (15th ed. 1988). In order for debts to be mutual they must be in the same right and between the same parties, standing in the same capacity. *Boston & Maine Corp. v. Chicago Pacific Corp.* 785 F.2d at 566; *In re Eggemeyer,* 75 B.R. 20, 21 (Bankr.S.D. Ill.1987); *In re National Structures, Inc.*, 74 B.R. 986, 989 (Bankr.E.D.Wis.1987); *In re J.A. Clark Mechanical, Inc.*, 80 B.R. 430, 432 (Bankr.N.D.Ohio 1987); *In re O.P.M. Leasing Services, Inc.*, 68 B.R. 979, 986 (Bankr.S.D.N.Y.1987).

■ The mutual debt and the mutual credit between the debtor and the creditor must exist at the time of the filing of the petition. *In re Garcia*, 23 B.R. 266, 268 (N.D.Ill.1982). A post-petition obligation may not be setoff against a pre-petition obligation of the debtor because there is no mutuality of obligation. *Westinghouse Electric Corp. v. Fidelity & Deposit Co.*, 63 B.R. 18, 20 (Bankr.E.D.Pa.1986); *In re Hill*, 19 B.R. 375, 380 (Bankr.N.D.Tex. 1982). A creditor may not offset its pre-petition claims against a debt owed to the debtor which came into existence after the filing of the bankruptcy case. *Cooper–Jarrett, Inc. v. Central Transport, Inc.*, 726 F.2d 93, 96 (3rd Cir.1984). Permitting the offset of pre-petition debts owed by the debtor against post-petition debts owed to

the debtor would frustrate the fresh start policy that underlies the Bankruptcy Code. *In re Mohawk Industries, Inc.*, 82 B.R. 174, 177 (Bankr.D.Mass.1987).

■ NTG asserts that True Line Mold is not entitled to offset the debts because there is no mutuality of obligation. The basis for this assertion is that True Line Mold failed to tender any payments of principal to NTG on the promissory note until May 1988, a time subsequent to the filing of the case. The creditor's right of setoff may be asserted even though at the time the petition is filed the debt is absolutely owing but not presently due, or where a definite liability has accrued but is as yet unliquidated. *In re Isis Foods, Inc.*, 24 B.R. 75, 76 (Bankr.W.D.Mo.1982); *see also In re Matthieson*, 63 B.R. 56, 59 (D.Minn. 1986) ("where an obligation exists prior to bankruptcy, it is irrelevant that the exact amount of liability will not be determined until after the bankruptcy petition was filed."); *In re Whitman*, 38 B.R. 395, 397 (Bankr.D.N.D.1984). The Court finds pursuant to the cited case authority, the parties' obligations are pre-petition and mutual for purpose of section 553 setoff rights.

■ A creditor must obtain relief from the automatic stay or must obtain an order allowing setoff prior to exercising any right of setoff. *In re Garcia*, 23 B.R. at 267; *In re Academy Answering Services, Inc.*, 90 B.R. 294, 295 (Bankr.N.D.Ohio 1988). A right of setoff may be asserted in a proof of claim but cannot be exercised until the automatic stay is lifted. *In re Britton*, 83 B.R. 914, 919 (Bankr.E.D.N.C. 1988). NTG's confirmed plan does not propose to pay True Line Mold's claim in full. Thus, the Court will lift the automatic stay so as to allow True Line Mold to proceed to setoff its claim against NTG's claim against it under the promissory note.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that True Line Mold & Engineering Corp. possesses a valid right of setoff within the purview of Section 553 of the Bankruptcy Code. The automatic stay is lifted

as to True Line Mold so it may setoff its claim of $46,474.25 against NTG. The balance owed by True Line Mold to NTG under the May 25, 1986, promissory note, after crediting the setoff allowed hereby, shall be due and payable according to its other terms and conditions.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

See written Order.