**In re Robert A. NEILSEN, and Amanda Barker, Debtors.**

**No. 10–50124.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Feb. 7, 2011.

---

James O. Clough, Harrisonburg, VA, for Debtors.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

Before the Court for consideration is the Motion to Reconsider and/or Rule for the First Time on the Motion for Relief From Stay filed by Robert M. Harris (hereafter the "Movant"), filed on January 28, 2011.[1] The Court finds that the Motion to Reconsider and/or Rule for the First Time on the Motion for Relief From Stay is actually two separate motions, the first is a motion to reconsider a prior order of the Court (hereafter the "Motion to Reconsider") and the second is a motion for relief

---

1. The Movant is *pro se.*

from the automatic stay (hereafter the "Motion for Relief") (collectively the Motion to Reconsider and the Motion for Relief are hereafter the "Motions"). After considering the Motions the Court makes the following findings of fact and conclusions of law.

### Facts

The Debtors filed their Chapter 7 petition on January 26, 2010. On January 29, 2010, the Movant filed a Motion for Relief From Stay and Objection to Motion to Quash Garnishment. In the Motion for Relief From Stay and Objection to Motion to Quash Garnishment, the Movant sought to (1) recover wages garnished from the Debtor by the Movant in the amount of $1,531.00, and (2) to have the automatic stay imposed by 11 U.S.C. § 362(a) lifted so that he could recover a debt owed to the Movant by the Debtors that arose out of a judgment the Movant obtained for property damage. On May 3, 2010, the Court entered a Decision and Order in which the Court found that the $1,531.00 in garnished wages was property of the estate and directed the Chapter 7 Trustee to administer said funds. The Court also found that the Debtors were not entitled to the garnished wages since they failed to properly exempt said funds. The Court ordered that the Movant was not entitled to the return of the $1,531.00 in garnished wages until such time as the Chapter 7 Trustee formally abandoned said funds in accordance with 11 U.S.C. § 554. Lastly, the Court determined that the Movant's request to have the automatic stay lifted was in reality an attempt to have the debt in question declared non-dischargeable. Since nondischargeability must be determined through an adversary proceeding, in accordance with Fed.R.Bankr.P. 7001(6), the Court found that the Movant could not seek non-dischargeability through a motion and thus, denied that portion of the Motion for Relief From Stay and Objection to Motion to Quash Garnishment.

On April 5, 2010, the Movant filed an adversary proceeding seeking to have the $4,450.00 judgment awarded to him by the City of Roanoke General District Court against the Debtors declared non-dischargeable. On January 10, 2011, the Court entered a Decision and Order declaring said debt to be non-dischargeable under 11 U.S.C. § 523(a)(6). In addition to declaring the debt to be non-dischargeable the Court also awarded the Movant six percent interest on the debt until paid in full and an additional $363.19, with an interest rate set at the Federal Judgment Interest Rate until paid in full, for the Movant's costs incurred in filing the adversary proceeding and producing his exhibits.[2]

On January 28, 2011, the Movant filed the Motions. Although the Movant cites no statutory basis for relief, given the substance of the pleadings the Court finds that in the Motion to Reconsider the Movant is acting pursuant to Fed.R.Civ.P. 60 in seeking reconsideration of the Court's May 3, 2010 Decision and Order denying the Movant's Motion for Relief From Stay and Objection to Motion to Quash Garnishment.[3] Similarly, although the Movant cites no statutory basis for relief, given the

---

**2.** Although the January 10, 2011 Decision and Order provided for the additional costs it was not until January 27, 2011, that the Court entered an Order memorializing the values of said costs.

**3.** While the Court recognizes the general policy found in American jurisprudence that *pro se* litigants are to be treated with leniency with regard to their pleadings and arguments, the Court notes that this leniency is not limitless. Indeed, courts in the Fourth Circuit have long held that *pro se* litigants be held to a sliding scale of liberality. *Holsey v. Bass*, 519 F.Supp. 395, 407 (D.Md.1981) holds that "[w]here a person has filed numerous suits, and has received guidance from the Court in a previous suit, that person is not entitled to

substance of the pleading the Court finds that the Motion for Relief is brought under 11 U.S.C. § 362(d). Specifically, the Motion for Relief requests that the garnished wages be returned to him and that he be allowed to proceed with collection efforts related to the non-dischargeable debt. For the following reasons the Court denies the Movant's Motion to Reconsider and the Motion for Relief.

### Discussion

#### A. Analysis of the Motion to Reconsider

 The Motion to Reconsider is narrowly focused and requests that the Court reconsider its May 3, 2010 Decision and Order denying the Movant's Motion for Relief From Stay and Objection to Motion to Quash Garnishment. In so reconsidering, the Movant requests that the Court grant him relief from the automatic stay to commence collection proceedings against the Debtors in an effort to enforce his non-dischargeable claim.[4] However, the Court finds that the Motion to Reconsider is premised on the Movant's mistaken belief that the Motion for Relief From Stay and Objection to Motion to Quash Garnishment was a motion for relief from the automatic

stay filed under 11 U.S.C. § 362(d). As the Court held in the May 3, 2010 Decision and Order the Motion for Relief From Stay and Objection to Motion to Quash Garnishment was in fact a request by the Movant that the debt owed to him by the Debtors be declared non-dischargeable. Indeed, the only statutory basis for relief cited in the Motion for Relief From Stay and Objection to Motion to Quash Garnishment was 11 U.S.C. § 523 which addresses the dischargeability of certain debts. Thus, the only relevant issue in the May 3, 2010 Decision and Order that would be subject to reconsideration is whether the Court erred in finding that the relief requested by the Movant could only be obtained through an adversary proceeding and denying the Motion for Relief From Stay and Objection to Motion to Quash Garnishment. The Court finds that it did not err in so ruling. Additionally, the Court finds that the Movant, who bears the burden of proof in seeking reconsideration, has provided no evidence that would support reconsideration under Rule 60 of the Court's May 3, 2010 Decision and Order and thus, the Movant's Motion to Reconsider is denied.[5] See In re McCain,

---

as liberal treatment as one who has not been so instructed. The experienced *pro se* litigator should be held to a higher standard than novice." See also In re McCain, 353 B.R. 452 (Bankr.E.D.Va.2006), Brown v. Califano, 75 F.R.D. 497, 499 (D.D.C.1977), and Raitport v. Chemical Bank, 74 F.R.D. 128, 130 (S.D.N.Y. 1977). Mr. Harris has filed numerous suits before this Court and has been successful in a number of them. His experience with the procedures of the Court and the laws of bankruptcy, as evidenced by his various suits, warrant that he be held to a higher standard than that of a mere novice. The complete lack of statutory basis for relief found in the Motion to Reconsider is an example of the kind of inadequacy that will henceforth not be tolerated in his pleadings before the Court.

**4.** The Court notes that the Motions reference the $1,531.00 in garnished wages that the Court, in the May 3, 2010 Decision and Or-

der, directed be administered by the Chapter 7 Trustee or, upon abandonment under 11 U.S.C. § 554, be turned over to the Movant. However, the prayer for the relief found in the Motions makes no mention to said garnished wages and thus, the Court finds that any reference to the garnished wages was included in the Motions for informational purposes only and that the sole focus of the Motions is to obtain permission, either through reconsideration of the May 3, 2010 Decision and Order or a fresh motion for relief from the automatic stay, to commence collection proceedings to enforce the Movant's non-dischargeable debt.

**5.** Fed.R.Civ.P. 60, which was incorporated into bankruptcy by Fed.R.Bankr.P. 9024, provides relief from a judgment or order. A party seeking relief under Rule 60(a) must allege that the court made a clerical mistake, oversight, or omission in its judgment or or-

353 B.R. 452 (Bankr.E.D.Va.2006) (holding that the party seeking reconsideration bears the burden of proof.)

### B. *Analysis of the Motion for Relief from the Automatic Stay*

In addition to the Motion to Reconsider the Movant has also filed the Motion for Relief. Again, the Movant cites no statutory basis for relief. However, based upon the substance of the Motion for Relief the Court finds that the Movant is acting pursuant to 11 U.S.C. § 362(d) in seeking relief from the automatic stay imposed by § 362(a) in order to commence collection proceedings against the Debtors in an attempt to enforce the Movant's non-dischargeable debt.

### I. *The Automatic Stay Applies to 11 U.S.C. § 523 Non–Dischargeable Debts*

■ Although the automatic stay found in § 362(a) clearly prohibits creditors from enforcing their claims against the debtor outside of the bankruptcy process once the debtor has filed its petition, the question arises as to whether the stay applies to debts declared non-dischargeable under 11 U.S.C. § 523. Specifically, the question is whether the holder of a debt that is non-dischargeable under § 523 must either seek relief from the automatic stay under § 362(d) or wait until the occurrence of one of the events stated in § 362(c)(2) in order to commence collection proceedings to enforce its non-dischargeable debt. For the following reasons, the Court finds that the automatic stay found in § 362(a) applies to debts declared non-dischargeable under § 523, and thus, the Movant must either obtain relief from the automatic stay under § 362(d) or wait for the occurrence of one of the events found in § 362(c)(2).

In reaching its finding the Court is persuaded by *In re Cardillo*, 172 B.R. 146 (Bankr.N.D.Ga.1994).[6] *Cardillo* addressed a factual scenario very similar to the one found in this case. The creditor in *Cardillo* held a debt in the debtor's chapter 7 case that was declared non-dischargeable under 11 U.S.C. § 523(a)(6). After receiving the declaration that its debt was non-dischargeable the creditor commenced a garnishment action in state court in an attempt to collect on the debt. At the time the creditor commenced its action the debtor's case was still open and the debtor's discharge had neither been granted or denied. *Cardillo* found that the automatic stay found in § 362(a) applied to debts declared non-dischargeable under § 523(a)(6) and that commencement of the garnishment action by the creditor violated the automatic stay because relief had not been granted by the court under § 362(d) and an event under § 362(c)(2) had not

der. Alternatively, a party seeking relief from a judgment or order may proceed under Rule 60(b) which states:·

(b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, ·released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies itself.

6. While the Court recognizes the contrary holding in *Boatsmen's Bank of Tennessee v. Embry (In re Embry)*, 10 F.3d 401 (6th Cir. 1993), the Court finds that on balance a plain reading of the relevant statutes leads the Court to disagree with *Embry* and concur with *Cardillo*.

occurred. In reaching its finding *Cardillo* set forth the following analysis:

Section 362(c)(2)(C) of the Bankruptcy Code provides in relevant part:

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(C) if the case is a case under chapter 7 of this title concerning an individual ..., the time a discharge is granted or denied.

Section 727(a) provides in relevant part that "[t]he court shall grant the debtor a discharge" unless the debtor fails to meet specified criteria. Section 523 deals with the determination of the dischargeability of various categories of debts described in that section and states in relevant part that "[a] discharge under section 727 ... does not discharge an individual debtor from any debt" in any of the specified categories.
. . . .

Rejecting the argument that a nondischargeability judgment constitutes a denial of discharge for purposes of section 362(c)(2)(C), [*Watson v. City National Bank (In re Watson)*, 78 B.R. 267 (Bankr. C.D. Cal. 1987)] decided that the proper analysis flowed from the nature of a nondischargeability judgment. Such a judgment has two parts: (1) a determination of the amount of the debt and (2) a declaratory judgment that the debt is not subject to discharge. The first part is the functional equivalent of the claims resolution process. The entry of an order allowing a claim does not result in relief from the automatic stay. The second part does not constitute relief from the stay either. A declaratory judgment that a debt is not subject to a discharge "has no effect until the dis-

charge is entered." *Watson*, 78 B.R. at 271.

This court adopts the reasoning of the [*Watson*] court. The use of the words "a discharge" in each of sections 362, 523, 524 and 727 supports that analysis. A debtor in a Chapter 7 case receives only one discharge or has one discharge denied: the discharge mentioned in section 727(a). Bankruptcy courts do not grant or deny "a discharge" piecemeal and do not grant or deny "discharges" to a debtor. If a discharge is granted, section 524 imposes an injunction to provide the debtor post-petition protection from acts of creditors to enforce claims as the personal liability of the debtor. If a discharge is denied, a judgment of nondischargeability of a particular debt gives a creditor no additional advantage.

Section 523 states in plain English at its very beginning that "[a] discharge under section 727 ... does not discharge an individual debtor from any debt ..." that fits in one of the categories in section 523. Thus, section 523 speaks solely to the effect of a determination of nondischargeability on a discharge granted, not to the effect of such a determination on the automatic stay. Section 523 itself does not grant or deny a discharge. By its very terms, it excepts a debt from a discharge under section 727. Therefore, when section 362(c)(2)(C) speaks of "the time a discharge is granted or denied," it can only be speaking of the grant or denial of a discharge pursuant to section 727. Hence, the automatic stay, unless terminated by another enumerated event in section 362 or by court order, remains in effect until a discharge under section 727 is granted or denied. 11 U.S.C. § 362.

*Cardillo*, 172 B.R. at 150–151.[7] The Court concurs with *Cardillo* and finds that the

**7.** *See also U.S. v. White (In re White)*, 466 F.3d 1241, 1246–45 (11th Cir.2006) (affirmatively citing *Cardillo* for the position that "[a] debt-

or cannot receive different discharges for different types of debt but can be granted only a single discharge applicable to all debts.")

holder of a debt declared to be non-dischargeable under § 523 is subject to the automatic stay until such time as any of the events listed in § 362(c)(2)(C) occur or the holder of said claim properly files for relief from the automatic stay.

## II. Relief Under § 362(d) is Denied

§ 362(d) sets forth various grounds upon which the Court may terminate, annul, modify, or condition the automatic stay. 11 U.S.C. § 362(g) places the burden on the moving party to show that it is entitled to the relief provided in § 362(d). 11 U.S.C. § 362(g) (West, 2010). *See also, In re Ebersole,* 440 B.R. 690 (Bankr. W.D.Va.2010). The Movant has not stated the subsection of § 362(d) under which he wishes to seek relief. Furthermore, the Movant has not alleged any facts that, even in the absence of a clear statutory provision, would entitle him to relief under § 362(d). The Movant simply requests that relief from the automatic stay be granted. Such statements do not amount to grounds for relief. Accordingly, the Court finds that the Movant's Motion for Relief is denied.

## III. Movant May Not Commence Collection Proceedings Absent the Occurrence of an Event Listed in § 362(c)(2)

As stated above, the automatic stay applies to debts declared non-dischargeable under § 523. Thus, the only methods by which the holder of a such a non-dischargeable debt may commence collection proceedings on said debt is either to obtain relief under § 362(d) or await the occurrence of one of the events listed in § 362(c)(2). Since the Court has found that the Movant is not entitled to relief under § 362(d), the Movant must await the occurrence of one of the events found in § 362(c)(2). Said events are: (1) the dismissal of the Debtors' case; (2) the denial or granting of the Debtors' discharge; or (3) the closing of the Debtors' case. In this case, none of the events listed in § 362(c)(2) have occurred. Thus, the Movant is barred by the automatic stay from commencing any collection proceedings against the Debtors in an effort to enforce the debt declared non-dischargeable in the January 10, 2011 Decision and Order. *See also In re Haas,* 2004 WL 3132027, at *2 (Bankr.E.D.Va. Dec.22, 2004) (holding that the holder of a non-dischargeable claim against the debtor must wait until "the debtor is granted or denied a discharge, the case is dismissed, or the case is closed" in order to pursue collection of his debt, lest he run afoul of the automatic stay.)

## Conclusion

For the aforementioned reasons, the Court finds that the Movant is not entitled to reconsideration of the May 3, 2010 Decision and Order. Additionally, the Court finds that the Movant is not entitled to relief from the automatic stay under § 362(d) and is prohibited by the automatic stay found in § 362(a) from commencing actions to collect on his non-dischargeable debt until the occurrence of one of the events found in § 362(c)(2). Accordingly, it is

## ORDERED

That Robert M. Harris' Motion to Reconsider and/or Rule for the First Time on the Motion for Relief From Stay is hereby **DENIED.**

Copies of this order are directed to be sent to Counsel for the Debtors, James O. Clough, Esquire; to the Chapter 7 Trustee, Charles R. Allen, Esquire; and to the Creditor, Robert M. Harris, P.O. Box 19635, Roanoke, VA, 24019.