## GANNON ET AL. v. POTTER, TEARE & CO. ET AL.

*Mechanics' liens — Subcontractors — Failure to file affidavits — Right to sue owner — Section 8312, General Code (106 O. L., 522) — Sufficiency of affidavits — Section 8323-8, General Code — Liens not perfected, when.*

1. Prior to the enactment of the mechanics' lien law no privity of contract existed between a principal owner and a subcontractor or materialman who furnished labor or material to a principal contractor, and hence a subcontractor could not maintain an action against an owner for labor and materials.

2. The amendment to Section 8312, General Code (106 O. L., 522), providing that the failure of a contractor to furnish affidavits required by the mechanics' lien law should not be a bar or defense in any action to collect claims after the sixty days for filing liens had expired, does not permit suit by a subcontractor who has failed to file the notices required by such law.

3. Since Section 8323-8, General Code, declares the mechanics' lien law to be a remedial statute which is to be liberally construed, a valid lien is established by a subcontractor who has furnished materials from his own workshop or factory and paid for the same, although his affidavit does not state such facts or set forth the names of any materialmen, but merely recites "paid in full" in the space provided for the names of materialmen.

4. Where a materialman has in fact furnished material, but his name is omitted from the affidavit by a subcontractor, such omission is fatal to the creation of a lien in favor of such subcontractor.

5. An affidavit which contains the name of the subcontractor only at the beginning and end thereof, but elsewhere contains the name of a party not seeking to perfect a lien, is not executed in compliance with the law and is equivalent to no affidavit.

(Decided March 20, 1919.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. S. V. McMahon* and *Mr. F. W. Zimmerman,* for plaintiffs in error.

*Mr. Dorr E. Warner,* for defendants in error.

DUNLAP, J. This cause comes into this court on error to the municipal court of the city of Cleveland. That court rendered a decree finding that the cross-petitioners, defendants in error, had valid mechanics' liens for the amount of their claims. The case was heard on an agreed statement of facts. The essential parts thereof will appear in this opinion.

The Gannons, plaintiffs in error, made a contract with the firm of Berry Brothers to construct a dwelling on premises owned by them. Berry Brothers constructed the building and thereafter became bankrupt, owing these cross-petitioners for labor and material furnished in the construction of the building. All of the defendants in error filed mechanics' liens for the amount of their claims. Before filing their liens each of the cross-petitioners paid in full for the labor and material used by them respectively in the construction of the building, and no lien was filed for labor and material furnished to any of the cross-petitioners.

The legal questions involved in the case are, first, as to the necessity, for the validity of these liens, of the subcontractors' affidavits or sworn notices, which are apparently required by Section 8312 of the General Code; and, second, as to whether such affidavits or sworn notices as were given are sufficient under the law, assuming that they are necessary.

As to the first proposition it is to be noted that the cross-petitions filed in this case were brought to establish the validity of the liens; that is, to foreclose them. No action is brought on any one of them to collect by law, as other claims are col-

lected, consequently the amendment to Section 8312. General Code, 106 Ohio Laws, 522, which provides as follows: "When the sixty days within which any liens can be filed have expired, and no liens on account of such improvement exist, then the failure of the contractor to furnish such affi-davit as herein provided shall not act as a bar or defense in any suit or cause of action to collect any claim or claims by law as other claims are collected," has no application, because these liens existed by force of the statute alone. They have no existence at common law, and this statute can not be used to create a claim that is enforceable otherwise than as a lien. As a lien it must either stand or fall. There is no debt existing between the principal owner and the sub-contractor or materialman outside of or independent from this lien. It is purely a matter *in rem.* This amendment was made necessary, or at least advisable, on account of some unfortunate words in the original section which apparently took away from the original contractor the right to sue for work done and materials furnished until the "statements provided for in this section are made and furnished in the manner and form as herein provided" even after the period in which liens for sub-contractors and materialmen could be filed; a right which he had always enjoyed and which was undoubtedly taken away from him by inadvertence. In our view the amendment simply restored this right. It never gave, and never was intended to give, the sub-contractors and materialmen, who had no privity of contract with the owner, a right to sue independent of their lien. Indeed, we are not clear

that such right is so claimed for this amendment in argument, but it is claimed that this amendment permits suit upon liens after the sixty-day period regardless of whether or not the notices required by the statute, and which are said to be prerequisite to a lien, are filed. As we have indicated, we regard this amendment as doing nothing but restoring a right which the contractor had apparently lost, and these claimed liens must stand or fall upon their own validity, which is to be determined by whether or not they substantially comply with the provisions of the statute.

In our opinion the statute requires the delivery of the sworn statements provided for therein to the owner, showing the names of every laborer in his employ who has not been paid in full, and also showing the name of every sub-contractor in his employ and of every person furnishing machinery, material and fuel, and giving the amount, if any, that is due or to become due to them or any of them for work done, or machinery, material or fuel furnished, etc., as provided for by the statute. We adopt this, then, as one of the legal premises necessary in reaching what we consider a logical conclusion of the questions involved in this case.

This consideration disposes of the claims of J. J. Lynch and John Weenink & Sons, who we hold have no lien, because, according to the agreed statement of facts, they did not make out and deliver to the owner any affidavits at all, but relied solely upon filing their mechanics' liens with the recorder. In our opinion the allowance of their liens by the court below was erroneous.

Now in the claims of Foley & Bean and H. C. Adams there were no sub-contractors or material-men.  The agreed statement of facts shows that such materials as these two sub-contractors used came out of their own shops, their own warehouses or stores.  It is plain that no affidavit that could be presented could show the names of material-men under such a situation, if there were none to show.  It is not argued or claimed that this impossible statement should have been made.  It is only claimed that the affidavit or sworn statement should state *that* fact instead of stating, as the sworn statements in those cases did state, "paid in full."  This objection to these affidavits seems to us to be too technical and to be a fine splitting of hairs.  If the statute were to be strictly construed, and if no liens could be obtained except by most strictly complying with each requirement, then there would be force in the argument, but Section 8323-8 provides:

"This act is hereby declared to be a remedial statute and to be construed liberally to secure the beneficial results, intents and purposes thereof; and a substantial compliance with its several provisions shall be sufficient for the validity of the lien or liens hereinbefore provided for and to give jurisdiction to the court to enforce the same."

Surely a liberal construction would allow an affidavit to be used such as used in this case; that is to say, assuming that it complied in all other respects with the statute and simply omitted the names of materialmen for the reason that there were no names that could be given; then the simple use of the words "paid in full," while perhaps

not the most available words to describe the situation, would not be misleading, and ought, therefore, nevertheless to be sufficient, and we feel that a different holding would violate the spirit of the law and especially the directions contained in the section just quoted. We therefore hold that the affidavits of the two sub-contractors or materialmen just mentioned are not defective upon the grounds just stated, and that in that particular respect they sufficiently comply with the requirements of the law. We shall consider later the claim of H. C. Adams upon another objection raised.

With regard to the sworn statement supplied by the cross-petitioner Yates, in this particular respect a different situation exists. In his case there was a materialman, and his name could have been inserted in the affidavit, but was not. We hold, following the construction placed upon this law by Judge Sater, of the United States District Court for the Southern District of Ohio, in a case entitled, *In the Matter of The Kinnane Co.,* 14 O. L. R., 532, that such sworn statement is insufficient for the reason that it does not contain the name of the materialman.

It is to be mentioned that Judge Sater's opinion in that case was rendered before amendment of the statute above quoted, but we think in that respect the statute was not changed by this amendment and that his ruling, if correct, still applies. It was, therefore, error on the part of the court to allow the claim of William Yates.

We must at this point go back and consider further upon another question, the claim of H. C.

Adams, which we have held correct upon one of the objections raised. Another objection is raised to it which is of a very peculiar nature. The scrivener who prepared the affidavit in that case evidently prepared the affidavit both of Foley & Bean and H. C. Adams, and the H. C. Adams affidavit is a carbon copy of the Foley & Bean affidavit, but all of the body of the affidavit, excepting only the opening, which changes the name from Foley & Bean to H. C. Adams, is identical with the Foley & Bean affidavit, and as an illustration the part of the affidavit which relates to materialmen says as follows:

"Said affiant further says that the following shows the names of every person furnishing machinery, material or fuel to Foley and Bean."

Indeed, in every place where the name "H. C. Adams" should be, the name "Foley and Bean" appears, excepting at the end of the affidavit, where it is signed by H. C. Adams. We are forced to hold that this affidavit does not in any respect comply with the provisions of the law; that it is in fact equivalent to no affidavit at all; and that for that reason the lien of H. C. Adams should not have been allowed by the court below, and its allowance was error.

We have now disposed of the claims of each of the cross-petitioners, finding that the court erred in the allowance of all of the claims excepting only in the allowance of the lien of Foley & Bean. We therefore reach the conclusion that this judgment should be reversed and the cause remanded to the municipal court with instructions to disallow the claims of H. C. Adams, William Yates, John

Weenink & Sons and J. J. Lynch, and to allow the claim of Foley & Bean.

*Judgment reversed, and cause remanded.*

WASHBURN and VICKERY, JJ., concur.