**In re J.A. CLARK MECHANICAL, INC., Debtor.**

**J.A. CLARK MECHANICAL, INC., Plaintiff,**

v.

**CASE WESTERN RESERVE UNIVERSITY, et al, Defendants.**

**Bankruptcy No. B86–02412. Adv. P. No. B86–0478.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Dec. 1, 1987.

Joseph Rutigliano, Cleveland, Ohio, for debtor.

Harvey Morrison, Cleveland, Ohio, Chapter 7 trustee.

Margaret Cannon, Cleveland, Ohio, for Case Western Reserve University.

James Easa, Beachwood, Ohio, for Independence Bank.

William J. Kopp, Asst. U.S. Atty., Cleveland, Ohio, Joann C. Rutkowski, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

## ORDER

WILLIAM J. O'NEILL, Bankruptcy Judge.

Before the Court is an amended motion for summary judgment on a complaint for turnover of funds. Harvey Morrison, Chapter 7 Trustee, is substituted for the original plaintiff J.A. Clark Mechanical, Inc. (Clark), former Debtor-in-Possession in the converted Chapter 11 case. Defendants are Case Western Reserve University (CWRU), Independence Bank, Internal Revenue Service (IRS) and Clark Industrial Insulation Co.

The parties stipulated as follows;

1) J.A. Clark Mechanical, Inc. performed work on a contract commonly known as the Med School Crossover Project and earned $38,000.00, none of which is paid by defendant CWRU.

2) Clark Insulation, a subcontractor of plaintiff Clark, asserted a claim in connection with the Crossover Project for approximately $4,000.00.

3) Plaintiff J.A. Clark Mechanical, Inc. settled Clark Insulation's claim for Four Thousand Dollars ($4,000.00); an order is being signed by all counsel for submission to the Court.

4) Defendant Case Western Reserve University has no objection to plaintiff Clark's work on the Project and admits owing plaintiff a net sum of $34,000.00, the $38,000.00 less $4,000.00 for the Clark Insulation settlement. CWRU alleges, however, to be entitled to offset this amount by its claims against plaintiff for the latter's non-payment of subcontractors, laborers, and/or materialmen on a project known as the 4th and 5th Floor Pathology Project (hereinafter "Pathology Project").

5) Plaintiff Clark was a subcontractor of The Dunbar Construction Co. on the Pathology Project.

6) On the Pathology Project, plaintiff Clark failed to pay several of its subcontractors, laborers, and/or materialmen.

7) On the Pathology Project, plaintiff Clark failed to pay $20,170.00 to Duct Fabricators.

8) On May 5, 1986, Duct Fabricators filed a $20,170.00 mechanic's lien on CWRU's property for work performed on the Pathology Project.

9) On the Pathology Project, plaintiff Clark failed to pay $8,961.24 to a supplier, Lakeside Supply Company.

10) On the Pathology Project, plaintiff Clark failed to pay $850.00 to a subcontractor, laborer, and/or materialman, R.H. Cochran and Associates.

11) On July 17, 1986, the IRS issued a levy to CWRU for plaintiff Clark's back taxes.

12) On October 16, 1986, two months after the bankruptcy proceedings commenced, IRS filed a lien in the Cuyahoga County Recorder's Office.

In addition to the stipulations, the Court finds;

13) Clark's Chapter 11 reorganization case was converted to Chapter 7 by order of July 17, 1987.

14) The November 4, 1987 letter from Internal Revenue Service to the Court confirms IRS released its levy against defendant CWRU in this adversary proceeding.

The complaint requests $34,000 from CWRU for work performed on the Med School Crossover Project, $38,000 less the $4,000 Clark Industrial Insulation settlement. Motion for summary judgment challenges CWRU's alleged right to set off claims against this debt arising from Clark's non-payment of various subcontractors, laborers and materialmen employed on the Pathology Project. CWRU asserts status as third-party beneficiary of contract provisions between Dunbar, the general contractor, and Clark which require payment of subcontractors, laborers and materialmen. Alternatively, CWRU asserts a claim for damages resulting from Clark's non-payment. Plaintiff challenges CWRU's creditor status on the asserted claims and questions the mutuality thereof for setoff purposes. There are no genuine issues of material fact respecting these issues and summary judgment is appropriate. See Bankruptcy Rule 7056 as it incorporates F.R.Civ.P. 56. Moreover, since this is a core proceeding, the Court may enter appropriate orders and judgments. see 28 U.S.C. §§ 157(b)(1), 157(b)(2)(E).

Actions for turnover of estate property are subject to setoff. See 11 U.S.C. § 542(b). Availability of setoff in bankruptcy proceedings is delineated in Section 553, which provides,

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that ... 11 U.S.C. § 553(a).

Section 553 preserves the right of setoff thereby recognizing the inequity in requiring a creditor to file a claim for satisfaction out of the bankruptcy case while compelling the same creditor to pay its debt to the estate in full. *De Voisin v. Foster, (In re Southern Industrial Banking Corp.)*, 809 F.2d 329 (6th Cir.1987).

■ Mutuality of obligation is requisite to setoff; i.e., each party must owe a debt directly to the other. The debts must be in the same right and between the same parties standing in the same capacity. see *England v. Industrial Commission of Utah, (In re Visiting Home Services, Inc.,)*, 643 F.2d 1356 (9th Cir.1981); *In re Romano*, 52 B.R. 586 (Bankr.M.D.Fla.1985); and *Eckles v. Petco Inc. Interstate, (In re Balducci Oil Co. Inc.)*, 33 B.R. 847 (Bankr.D.Colo.1983). The purpose of mutuality is to insure that a claim by the bankrupt in one capacity is not setoff against a claim asserted by the party in a different capacity. *Allegaert v. Perot*, 466 F.Supp. 516 (S.D.N.Y.1978). Generally, this requirement is strictly construed. *In re Virginia Block Co.*, 16 B.R. 560 (Bankr. W.D.Va.1981).

■ There are several well defined exceptions to strict construction of the mutuality requirement. See generally 4 Collier on Bankruptcy ¶ 553.04(1), (15th ed. 1987). Setoff of creditor claims derived from the doctrine of subrogation is one exception. *Bel Marin Driwall Inc. v. Grover*, 470 F.2d 932 (9th Cir.1972); *Hayden v. Standard Accident Insurance Co.*, 316 F.2d 598 (9th Cir.1963). Contra *In re Waller*, 28 B.R. 850 (Bankr.W.D.Mo.1983). "Mutuality is evident because the surety's claim for reimbursement and the debtor's debt are owing between the same parties." 4 Collier on Bankruptcy ¶ 553.04(5), (15th ed. 1987). Setoff of a claim acquired through subrogation is allowed only to the extent of payment. "A setoff is the equivalent of a distribution of estate proceeds. Since either a direct claim or a claim through a subrogation is allowed only to the extent paid at the time of allowance, there is no reason to permit a setoff for more." *Moorefield v. Perlman, (In re Monex*

*Corp.),* 43 B.R. 879, 887, (Bankr.S.D.Fla. 1984).

CWRU asserts a claim for damages as a setoff resulting from Clark's non-payment of subcontractors, laborers and material-men. The basis for this claim is not de-tailed. It is clear, however, that CWRU has no contractual liability for Clark's fail-ure to pay. The claim for damages is apparently attributed to the mere assertion of outstanding liability on the Pathology Project. Only one of the subcontractors, Duct Fabricators, filed a lien on the Univer-sity's property based on non-payment. CWRU has not paid this subcontractor. Examination of Ohio law reflects CWRU has not been damaged by Clark's mere failure to pay. Moreover, any claim it would have regarding the Duct Fabricator lien is based on the doctrine of subrogation.

The Ohio mechanic's lien statute protects laborers and materialmen by providing liens for their labor and materials which enhance the value of property. Ohio Re-vised Code, Sections 1311.01–1311.38, (1979 and Supp.1986). See generally 68 O.Jur.3d, Mechanics' Liens § 11 (1986). The statute creates an in rem remedy, but does not create a debt otherwise enforceable. *Gan-non v. Potter, Teare and Co.,* 12 Ohio App. 9 (1919). The statute does not authorize an action by a person not having a contract with the owner of property to recover a money judgment independent of the lien. *Gannon.* In other words, absent a lien or contractual liability, an owner of improved property is not liable for a subcontractor's debts with respect to work on its property. To the extent a lien has been filed based on such debt, it may be enforced against the property pursuant to statutory provisions. To the extent an owner of property pays obligations which encumber its property, it has the right of subrogation. *Joyce v. Dauntz,* 55 O.S. 538, 45 N.E. 900 (1896). This right does not arise until payment is made. *Dusi v. Albanese,* 74 Ohio App. 136, 57 N.E.2d 802 (1943). *Western Casualty and Surety Co. v. Brooks,* 362 F.2d 486 (4th Cir.1966), cited as dispositive of this case, merely held that the holder of a claim by subrogation cannot assert rights great-er than those of the creditor for whom it is substituted.

CWRU has no contractual liability to Clark's subcontractors, laborers and ma-terialmen. It, therefore, is not damaged by the mere assertion of outstanding debt re-specting the Pathology Project. Its asser-tion of claims of Lakeside Supply Co. and R.H. Cochran and Associates in setoff lacks mutuality and is patently inappropri-ate. While the attempted setoff concern-ing the Duct Fabricators' lien is less clear, it is equally inappropriate. Any claim of CWRU against Clark respecting this lien arises from the doctrine of subrogation which requires payment under Ohio law. *Dusi v. Albanese,* 74 Ohio App. 136, 57 N.E.2d 802 (1943). Moreover, federal bankruptcy law generally allows setoff of subrogated claims only to the extent of payment. *In re Monex Corp.,* 43 B.R. 879 (Bankr.S.D.Fla.1984). Since CWRU made no payment to Duct Fabricators, attempted setoff based on the Duct lien is, therefore, impermissible.

CWRU's alleged status as third-par-ty beneficiary of the contract between Dun-bar and Clark, if substantiated, would not satisfy the mutuality requirement. As third-party beneficiary, any right to recov-er would not be in the same right and capacity as the direct contractual obligation asserted in this turnover action. Setoff on this basis is, accordingly, inappropriate.

CWRU has no setoff in this action for turnover of funds. Consequently, plaintiff is granted summary judgment in the stipu-lated amount of $34,000 due and owing on the Med School Crossover Project. It is apparent from stipulations and the IRS re-lease of levy that defendants, Clark Insula-tion and the Internal Revenue Service, have no further interest in this matter. Defend-ant, Independence Bank, however, claims a right to any and all sums plaintiff recov-ered from Case Western Reserve Universi-ty. This remaining issue will be deter-mined subsequently.

IT IS SO ORDERED.