Mary Alice Learn, Lake Milton, Ohio, Cherie Howard, Northeast Ohio Legal Services, Youngstown, Ohio, for debtor.

Gary J. Rosati, Canfield, Ohio, for Farmers Nat. Bank of Canfield.

Conrad J. Morgenstern, Cleveland, Ohio, U.S. Trustee.

Michael A. Gallo, Youngstown, Ohio, Trustee.

**In re Mary Alice LEARN, Debtor.**

**Bankruptcy No. B88–01372–Y.**

United States Bankruptcy Court, N.D. Ohio.

Jan. 9, 1989.

### ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This cause comes before the Court on both the Debtor's Motion for a finding of contempt against FARMERS NATIONAL BANK OF CANFIELD ("FNB") and FNB's Motion for Relief from the automatic stay.

It appears that in May 1986, the Debtor applied for and received an unsecured line of credit from FNB. On October 30, 1987, FNB loaned the Debtor Eleven Thousand, One Hundred Fifty–Three & 75/100 Dollars ($11,153.75) for the purpose of purchasing a 1987 Ford Tempo in which FNB took a perfected security interest. On December 1, 1987, the Debtor received a One Thousand, Five Hundred & 00/100 Dollar ($1,500.00) loan from FNB. The Debtor filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code on October 14, 1988. At the time of filing, FNB held a secured claim for Eight Thousand, Six Hundred Fifty & 00/100 Dollars ($8,650.00) and aggregate unsecured claims

in the amount of Four Thousand, Four Hundred Twenty–Two & 43/100 Dollars ($4,422.43). On or about October 19, 1988, FNB set off Eight Hundred Seventy–Four & 07/100 Dollars ($874.07) which the Debtor held on deposit at FNB against the unsecured obligation. On October 26, 1988, the Clerk's office forwarded notice of the Debtor's filing to FNB and other creditors. In response thereto, FNB apparently recredited the Debtor's account but placed an administrative freeze on the account. On December 5, 1988, FNB filed a Motion for Relief from the automatic stay in order to exercise its rights for a setoff pursuant to 11 U.S.C. Sec. 553. On the same day, the Debtor filed a Motion asking the Court to find FNB to be in contempt of court for its violation of the automatic stay.[1]  A hearing was held on December 29, 1988.

■ The Debtor's Motion is overruled as being moot. The Debtor requested a finding of contempt against FNB for failure to recredit the Debtor's account. Counsel for FNB represented to the Court at the hearing that the amount has been recredited. Furthermore, it does not appear that FNB's violation of the automatic stay was either willful or intentional. The setoff was executed before this Court notified creditors of the filing. It appears the account was promptly restored after FNB was notified of the filing. There was no showing by Debtor's counsel of any damages sustained by reason of the setoff action. Finally, this Court does not view an administrative hold to be violative of the automatic stay. We believe the better rationale is that an administrative freeze simply preserves the status quo until the rights of the parties may be judicially determined. *See Rio v. Army Aviation Center Federal Credit Union*, 82 B.R. 138, 143 (M.D. Ala.1986); *Stann v. Mid–America Credit Union*, 39 B.R. 246, 248–9 (D.Kan. 1984); *In re Bass Mechanical Contractors, Inc.*, 84 B.R. 1009, 1022–23 (Bankr.W. D.Ark.1988).

■ FNB has also moved for relief from the automatic stay in order to exercise its setoff rights. FNB's counsel attempted to convince the Court that the Debtor's account should be classified as "cash collateral." Counsel for FNB never clearly articulated why such a classification was important for his client. We presume that FNB's counsel believed no adequate protection had been offered for the alleged "cash collateral," thus justifying relief from the stay pursuant to 11 U.S.C. Sec. 362(d)(1). The Court questions whether Sec. 363 is limited to the Debtor engaged in business. In any event, FNB was unable to demonstrate its possession of a lien on the Debtor's account. Consequently, FNB did not have a sufficient "interest," as that term is used in Sec. 363(a), to convert the Debtor's account into cash collateral. In the final analysis, the Court believes that relief from the stay would be appropriate if FNB were entitled to exercise its rights of setoff. Therefore, the relevant question is whether FNB has proven the elements necessary to maintain a right of setoff. In order to execute a setoff pursuant to 11 U.S.C. Sec. 553, a creditor must prove:

1. a debt exists from the creditor to the debtor and that debt arose prior to the commencement of the bankruptcy case;

2. the creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case;

3. the debt and the claim are mutual obligations.

*Braniff Airways, Inc. v. Exxon Company, U.S.A.*, 814 F.2d 1030, 1035 (5th Cir.1987).

It is axiomatic that a banking institution and a depositor form a debtor-creditor relationship regarding those funds. The deposit of money in a financial institution creates an obligation on the part of the bank to repay the amount deposited. Thus, a debt existed from FNB to the Debtor by virtue of the demand account which the Debtor had opened at FNB. Moreover, the account appears to already have been estab-

---

1. As the Court noted at the hearing, the Debtor should have sought damages pursuant to 11 U.S.C. Sec. 362(h).

lished by May 1986, according to the Insta-Line Agreement attached to FNB's Motion. Accordingly, the first element is satisfied.

There is no question that FNB's claims against the Debtor arose pre-Petition. The indebtedness represented by the three claims arose in May 1986, October 1987, and December 1987. Thus, the second element is also satisfied.

The final element of mutuality requires that both obligations be held by the same parties in the same right or capacity. There is no suggestion that the account which FNB seeks to offset was designated as a trust account, for which FNB had fiduciary responsibilities. It also does not appear that there are any other circumstances present which would defeat mutuality. Therefore, it appears the third element is also met.

Accordingly, FNB's Motion is hereby sustained. FNB is granted relief from the automatic stay in order to execute its right of setoff.

IT IS SO ORDERED.