**In re Sonja Kimberly STALL, Debtor.**

**Thomas B. TALBOT, Jr.,
Trustee, Plaintiff,**

**v.**

**OHIO STUDENT LOAN COMMISSION,**

**and**

**United States Department of
Education, Defendants.**

**Bankruptcy No. 3–89–01559.
Adv. No. 3–90–0009.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

March 29, 1991.

Thomas B. Talbot, Dayton, Ohio, Trustee.

Pamela M. Stanek, Asst. U.S. Atty., Dayton, Ohio.

Fred Ross, Middletown, Ohio, for debtor.

Jay M. Patterson, Lawrence J. Miltner, Columbus, Ohio, Asst. Attys. Gen., for Ohio Student Loan Com'n.

## DECISION ON ORDER DENYING UNITED STATES DEPARTMENT OF EDUCATION'S MOTION TO DISMISS AND GRANTING MOTION FOR SUMMARY JUDGMENT

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order of Reference entered in this district, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)—matters concerning the administration of the estate and § 157(b)(2)(F)—proceedings to determine, avoid, or recover preferences.

The issue presented to the court for determination is whether the offset of the debtor's student loan obligation against the debtor's tax refund by the Department of Education and the Internal Revenue Service is avoidable as a preference pursuant to 11 U.S.C. § 547. The Department of Education filed a motion to dismiss and alternative motion for summary judgment (Doc. 15). In response, the trustee filed a Memorandum Of Plaintiff Contra Motions Of Defendant (Doc. 16).

### I. FACTUAL BACKGROUND

The parties have conceded that the facts are not in dispute (Docs. 15 and 16). The court will recite the pertinent facts set forth in the Declaration of Mary Beavers (Doc. 15, Ex. 1) attached to the memorandum[1] of the Department of Education (De-

---

1. The undisputed facts in this proceeding are set forth in the Declaration of Mary Beavers (Doc. 15, Ex. 1), the Section Chief of the Student Receivables Branch, Debt Collection and Management Assistance Service of the Office of

partment). The debtor, Sonja Kimberly Stall, received two Guaranteed Student Loans (GSLs) in the total amount of $4,000 from the National Bank of Warren County (Bank) in Lebanon, Ohio on or about September 20, 1980, and September 16, 1981. These GSLs were guaranteed by the Ohio Student Loan Commission (OSLC). The debtor defaulted on these loans on June 26, 1986. Consequentially, the Bank filed a claim with the OSLC, which paid the claim in the amount of $3,906.32 on November 9, 1987. Thereafter, the OSLC filed a reinsurance claim with the Department and was paid. On October 28, 1988, the OSLC and the Department executed an addendum to the OSLC's Agreement Pursuant to Section 428(b) of the Higher Education Act of 1965, as amended, with a State or Private Non-profit Institution or Organization for Coverage of its Student Loan Insurance Program under the Interest Benefits Provisions of Section 428(a) of the Act. Under the addendum, the OSLC agreed to assign certain defaulted GSLs to the Department for the purpose of referring those loans to the IRS for collection by setoff of debtors' tax refunds. By letter dated September 30, 1988, the OSLC assigned to the Department all of its rights, title, and interest in certain promissory notes. This debtor's GSLs were among those assigned to the Department and certified for setoff on December 7, 1988. The debtor's Federal income tax refund, in the amount of $1,752.00, was setoff on March 8, 1989.

On April 27, 1989, the debtor, Sonja Kimberly Stall, filed for relief under chapter 7 of the Bankruptcy Code. On May 15, 1990, the trustee commenced this adversary proceeding.

## II. MOTION TO DISMISS AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

The Department has filed a motion to dismiss for failure to state a claim. Fed.R. Civ.P. 12(b)(6); Bankr.R. 7012(b). A motion to dismiss must not be granted unless it appears beyond doubt that the plaintiff is unable to prove any set of facts in support

of the claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Jones v. Sherrill*, 827 F.2d 1102, 1103 (6th Cir.1987). Reviewing the plaintiff's complaint, the court concludes that the plaintiff has alleged facts which could entitle the plaintiff to relief. Accordingly, the Department's motion to dismiss is DENIED.

The Department has alternatively moved for summary judgment. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7056, summary judgment is appropriate if:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

No material facts are in dispute, therefore, this matter is appropriate for resolution by summary judgment. *See Talbot v. Warner (Matter of Warner)*, 65 B.R. 512, 515–18 (Bankr.S.D.Ohio 1986).

## III. DISCUSSION

The trustee asserts that the offset of the debtor's tax refund against the debtor's student loan obligation within 90 days of the debtor's filing for relief under chapter 7 of the Bankruptcy Code is a preference pursuant to § 547 (Doc. 1 and Doc. 8). In its motion to dismiss and alternative motion for summary judgment (Doc. 15), the Department asserts that pursuant to § 553, which is controlling in this proceeding, it validly exercised its right to setoff. The Department further asserts that if § 553 is not found to govern the resolution of this proceeding, the setoff cannot be avoided because it possesses a statutory lien interest in the debtor's tax refund which, pursuant to 11 U.S.C. § 547(c)(6), cannot be avoided. In response (Doc. 16), the trustee states, "[i]t is simply the plaintiff's argument, ... that the Bankruptcy Code limits a creditor's prepetition setoff rights to pre-

Postsecondary Education of the United States        Department of Education.

vent a creditor from improving its position over other creditors similarly situated."

Where a pre-petition setoff is asserted in defense to a proceeding brought by a trustee the court must first determine whether the setoff is valid under section 553. Only if the court finds the setoff invalid, and further concludes that no right of setoff exists in bankruptcy, is section 547 applied.

*Durham v. SMI Indus. Corp.*, 882 F.2d 881, 882 (4th Cir.1989); *Petersen v. State Employees Credit Union (In re Kittrell)*, 115 B.R. 873, 881 (Bankr.M.D.N.C.1990); *see also, WJM, Inc. v. Massachusetts Dept. of Public Welfare*, 840 F.2d 996, 1011 (1st Cir.1988).

▮▮▮ The court must first determine whether the setoff of the debtor's tax refund against the debtor's student loan was valid under 11 U.S.C. § 553. A creditor bears the burden of proving that it possesses a right to setoff under § 553.[2] *First Nat. Bank v. Hurricane Elkhorn Coal Corp.*, 763 F.2d 188, 190 (6th Cir.1985); *In re Academy Answering Services, Inc.*, 90 B.R. 294, 297 (Bankr.N.D.Ohio 1988); *Eckles v. Petco Inc., Interstate (In re Balducci Oil Co., Inc.)*, 33 B.R. 847, 850 (Bankr.D. Colo.1983). Three elements must be established to exist:

1) a debt owed by the creditor to the debtor which arose prior to the commencement of the bankruptcy case;

2) a claim of the creditor against the debtor which arose before commencement of the bankruptcy case; and

3) the debt and the claim are mutual debts.

*In re Learn*, 95 B.R. 495, 496 (Bankr.N.D. Ohio 1989); *Brooks Farms v. United States Dept. of Agriculture (In re Brooks Farms)*, 70 B.R. 368, 371 (Bankr.E.D.Wis. 1987). The Bankruptcy Code does not define the term "mutual debt"; however, it is generally construed to require the debts to be in the same right and capacity. *La Lomia v. United States General Services Administration (In re Art Metal U.S.A., Inc.)*, 109 B.R. 74, 78 (Bankr.D.N.J.1989); *In re Learn*, 95 B.R. 495, 497 (Bankr.N.D. Ohio 1989); *J.A. Clark Mechanical, Inc. v. Case Western Reserve Univ. (In re J.A. Clark Mechanical, Inc.)*, 80 B.R. 430, 432 (Bankr.N.D.Ohio 1987). The test of mutuality is not an examination of whether the obligations are similar, but whether an obligation is owed by each side. *In re Art Metal U.S.A., Inc.*, 109 B.R. at 78; *Smith v. O'Mara Enterprises, Inc. (In re Smith)*, 100 B.R. 330, 336 (Bankr.S.D.Ohio 1989); *Moses v. United States Dept. of Educ. (Matter of Moses)*, 91 B.R. 994, 996 (Bankr. M.D.Fla.1988). The requirement of mutuality is strictly construed. *In re Art Metal U.S.A., Inc.*, 109 B.R. at 78; *In re J.A. Clark Mechanical, Inc.*, 80 B.R. at 432.

▮▮▮ The Federal Government's right to setoff amounts it is obligated to pay against amounts it is owed is recognized. *In re Art Metal U.S.A., Inc.*, 109 B.R. at 78; *In re Thomas*, 84 B.R. 438, 439 (Bankr. N.D.Tex.1988), *rev'd on other grounds*, *United States v. Thomas (In re Thomas)*, 91 B.R. 731 (N.D.Tex.1988). In *Thomas*, the bankruptcy court allowed the Farmers Home Administration, the Small Business Administration, the Commodity Credit Corporation, and the Internal Revenue Service

**2.** Section 553, in pertinent part, provides:
(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—
(1) the claim of such creditor against the debtor is disallowed other than under section 502(b)(3) of this title;
(2) such claim was transferred, by an entity other than the debtor, to such creditor—

(A) after the commencement of the case; or
(B)(i) after 90 days before the date of the filing of the petition; and
(ii) while the debtor was insolvent; or
(3) the debt owed to the debtor by such creditor was incurred by such creditor—
(A) after 90 days before the date of the filing of the petition;
(B) while the debtor was insolvent; and
(C) for the purpose of obtaining a right of setoff against the debtor.

to setoff the debtor's obligations against disaster payments the debtor was entitled to receive. 84 B.R. at 442. The court, in *Thomas*, rejected the debtor's argument that the requisite mutuality was missing when "funds are paid to the Debtor by one government agency, but the Debtor's obligation is to another government agency." 84 B.R. at 439. Similarly, in *In re Sound Emporium, Inc.*, 48 B.R. 1 (Bankr.W.D. Tex.1984), the court found the requisite mutuality to exist where the United States Army owed the debtor $4,890.20, and the debtor owed the IRS prepetition withholding, FICA, and FUTA taxes. In finding a right to setoff, the court noted that "[t]he only requirement is that the debt and claim be mutual—that something is owed by both sides." *Id.* at 3. *But see, In re Art Metal U.S.A., Inc.*, 109 B.R. 74 (the Pension Benefit Guarantee Corporation, a wholly owned federal corporation, does not have sufficient identity with the Federal Government to allow it to setoff its claims against amounts owed to the debtor by government agencies).

Applying the foregoing, the court finds that the elements requisite to establishing a right to setoff have been met. The Department's claim against the debtor under the two student loan obligations arose prior to filing the chapter 7 petition. Likewise, the amount owed the debtor by the IRS arose prior to the filing of the bankruptcy petition. Although the exact date on which the amount owed the debtor by the IRS is unclear, such a determination is not required in this proceeding, as it clearly occurred sometime prior to the filing of the debtor's bankruptcy petition. The third requirement, mutuality, also exists as the debts are in the same right and capacity.

The Department has established the requirements for a valid setoff; however, it is necessary to examine the limitations placed upon the right to setoff by the Bankruptcy Code. These limitations are set forth in § 553(a) and § 553(b). Under § 553(a)(1), an existing right to setoff may not be exercised to the extent that the creditor's claim in bankruptcy is disallowed. This exception is simply not applicable in this proceeding.

The second exception, § 553(a)(2), prohibits setoff by a creditor, when the claim was transferred by an entity other than the debtor to a creditor after the debtor filed for relief under the Bankruptcy Code, or within 90 days before the filing, and while the debtor was insolvent. Section 553(a)(2) is applicable to situations where a creditor acquires a claim through assignment by a third party. *In re Brooks Farms*, 70 B.R. at 371. Although the OSLC assigned its claims against the debtor to the Department, this assignment was made on September 30, 1988, long before the 90 day period prior to the debtor's filing for bankruptcy. Even if it was asserted that a transfer of the claim from one government agency, the Department, to another government agency, the IRS, was made, the transfer did not occur within the 90 day period prior to filing the bankruptcy petition, as the Department certified the debtor's student loan obligation for offset on December 7, 1988. *See Matter of Moses*, 91 B.R. at 997.

The third exception, § 553(a)(3), limits the right to setoff when a debt owed the debtor was incurred by the creditor within 90 days before the filing of the petition, while the debtor was insolvent, and for the purpose of obtaining a right of setoff against the debtor. 11 U.S.C. § 553(a)(3). *Matter of Dayton Circuit Courts No. 2*, 80 B.R. 434, 439–40 (Bankr.S.D.Ohio 1987). This limitation is not applicable. The amount owed the debtor by the IRS, the tax refund, was incurred as a result of a determination of the debtor's tax liability and payment, not for the "purpose of obtaining a right of setoff against the debtor." *Matter of Moses*, 91 B.R. at 997.

Section 553(b), commonly referred to as the "improvement in position test," sets forth additional limitations upon the right to setoff. Section 553(b) provides:

(b)(1) Except with respect to a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(14), 365(h)(2), or 365(i)(2) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days

before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—

(A) 90 days before the date of the filing of the petition; and

(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

(2) In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

The trustee asserts that because the Department received more than it would have received under the debtor's chapter 7 liquidation, the Department improved its position. The trustee's assertion is not supported by the facts in this proceeding, as § 553(b)

[I]nvalidates or precludes the setoff of any amount that is a betterment in the creditor's 'secured' position during a 90 day pre-petition period. The amount of any such improvement is treated as an ordinary unsecured claim. The test requires determination of the creditor's 'insufficiency' at two points in time: 1) the later of 90 days before petition or the first date during that 90 days on which there is an insufficiency; and 2) the date of setoff, whether on the date of petition or within the 90 days immediately preceding. To the extent that the insufficiency at setoff is less than it was at the earlier date, a setoff will be invalid.

*In re Balducci Oil Co., Inc.*, 33 B.R. [847] 851 (Bkrtcy.D.Colo.1983) (quoting Comment, *Setoff in Bankruptcy; Is the Creditor Preferred or Secured?*, 50 U.Colo.L. Rev. 511, 522 (1980)). *See also Matter of Moses*, 91 B.R. at 997.

The Department did not improve its position within the 90 day prepetition period. The amount owed the debtor by the IRS was the same on the date of setoff as it was 90 days prior to the filing of the bankruptcy petition. No action was taken to increase the amount of the tax refund during the 90 days prior to filing the petition. *Matter of Moses*, 91 B.R. at 998; *see also In re Brooks Farms*, 70 B.R. at 372.

Having determined that the setoff was valid and that none of the limitations pursuant to § 553 are applicable, § 547 cannot be utilized to vitiate its effect. *See Durham*, 882 F.2d at 882; *In re Kittrell*, 115 B.R. at 881.

Further, because a valid exercise of the right to setoff was made, it is not necessary to analyze the Department's assertions based upon its statutory lien under 11 U.S.C. § 547(c)(6).

Accordingly, the Department of Education's motion to dismiss (Doc. 15) is DENIED and the motion for summary judgment (Doc. 15) is GRANTED.

An order in accordance with this decision is simultaneously entered.

SO ORDERED.