In re LEASE–SEA, INC., Debtor.

Elizabeth VAUGHAN, Trustee, Plaintiff,

v.

RESOLUTION TRUST CORPORATION, Defendant.

Bankruptcy No. 90–0086.
Related No. 90–00862.

United States Bankruptcy Court,
N.D. Ohio, W.D.

April 7, 1992.

See also 140 B.R. 185.

Raymond L. Beebe, Toledo, Ohio, for plaintiff.

David W. Wicklund, Robert A. Koenig, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon a Complaint for Recovery of Money. A Pre-trial was held, at which time the parties indicated that the issue revolved around whether a setoff was allowable under the Bankruptcy Code and that it could be resolved upon the written arguments of counsel. The Defendant filed a Brief in Support of a Right of Setoff, to which the Plaintiff did not reply. The Court has reviewed the Defendant's Brief, and the relevant case law, as well as the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the Defendant should be entitled to a setoff.

## FACTS

On March 16, 1990, Lease–Sea, Inc. [hereinafter "Lease–Sea"], Debtor, filed a Chapter 11 petition in Bankruptcy. On July 30, 1990, this case was converted to one under Chapter 7 and Elizabeth Vaughan was appointed Trustee [hereinafter "Trustee"]. At the time of Bankruptcy, Lease–Sea was indebted to Resolution Trust Corporation [hereinafter "RTC"], receiver for First Federal, in the amount of Eight Million Three Hundred Seventy Nine Thousand Four Hundred Forty-nine Dollars and Ninety-four Cents ($8,379,449.94). This debt arose out of two floor plan arrangements and numerous loan agreements.

In May, 1989, RTC delivered Twenty-five (25) boats and Seven (7) automobiles to Lease–Sea for storage. Each item had previously been damaged by fire. On December 15, 1989, Lease–Sea removed the boats and the automobiles from the Glenwood warehouse to Anchor Pointe, without RTC's knowledge or consent.

RTC contended that they should be entitled to setoff any amount awarded to the Debtor from the amount that Debtor owes to RTC. They also noted that they should not be held responsible for the cost of storage after December 15, 1989, because the automobiles and boats were removed from the premises without RTC's knowledge or consent.

The Trustee did not file a brief in support of her position. However, the Trustee alleged, in previous pleadings, that the Defendant owes Two Hundred Sixty Thousand Nine Dollars ($260,009.00), as the cost of storage.

## LAW

Section 553 of the Bankruptcy Code provides in pertinent part:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of the creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case

11 U.S.C. § 553(a). The exceptions numerated in the statute are not applicable herein.

In order for a RTC to be entitled to a setoff, pursuant to Section 553, they must prove that:

(1) a debt exists from the creditor to the debtor and that debt arose prior to the commencement of the bankruptcy case;

(2) the creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case; and

(3) the debt and claim are mutual obligations.

*In re Learn*, 95 B.R. 495, 496 (Bankr. N.D.Ohio 1989).

In analyzing the first tier of this test, the Court must ascertain if RTC owed a debt to Lease–Sea prior to the commencement of the bankruptcy case. On March 16, 1990, Lease–Sea initiated this bankruptcy proceeding. Prior to this time, Lease–Sea provided storage for Defendant's boats and automobiles. This is evidenced by the Trustee's allegation that RTC owes her for storage costs prior to December 15, 1989. Due to the fact that the Bankruptcy petition was not filed until more than Ninety (90) days after RTC became indebted to Lease–Sea for storage, the debt arose prior to the commencement of the bankruptcy case. Therefore, the Court believes that the first part of this test is satisfied.

The next step in the test requires that RTC had a claim against Lease–Sea prior to the commencement of the bankruptcy case. Section 101 of the Bankruptcy Code defines claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(4)(A).

In the present situation, it is undisputed that Lease–Sea was indebted to RTC in the amount of Eight Million Three Hundred Seventy-nine Thousand Four Hundred Forty-nine Dollars and Ninety-four Cents ($8,379,449.94), at the time the Bankruptcy petition was filed. This debt resulted from two floor plan arrangements and numerous debts between Lease–Sea and RTC. The facts illustrate that Lease–Sea was indebted to RTC prior to March 16, 1990, the date which the Bankruptcy petition was filed. Therefore, RTC had a claim against Lease–Sea prior to the commencement of the bankruptcy case. As a result, the Court believes that the second part of the test is satisfied.

The final requirement of the test is that the debt and claim are mutual obligations. Although mutual obligation is not defined in the Bankruptcy Code, "the debts to be setoff need not be of the same character or have arisen from the same situation". *In re Defense Services*, 104 B.R. 481, 484 (Bankr.S.D.Fla.1989); 4 Collier on Bankruptcy ¶ 553.04 (15th ed. 1992). The basic test is that "something must be owed by both sides." *In re Smith*, 100 B.R. 330, 336 (Bankr.S.D.Ohio 1990); 4 Collier on Bankruptcy ¶ 553.04 (15th ed. 1992). An example of where mutuality is lacking is where post-petition debts are involved. *Smith*, 100 B.R. at 336.

In the present case, both sides have pre-petition debts that are owed to one another. Lease–Sea owes RTC Eight Million Three Hundred Seventy-nine Thousand Four Hundred Forty-nine Dollars and Ninety-four Cents ($8,379,449.94) in outstanding loans. RTC owes Lease–Sea approximately Two Hundred Sixty Thousand Nine Dollars ($260,009.00) as the cost of storage. Since both sides owe money to each other, and the amount owed was from a pre-petition debt, mutuality exists. Therefore, the Court believes that the third portion of the test is satisfied.

Due to the fact that all three portions of this test have been satisfied, this Court finds that RTC is entitled to setoff the cost of storage from the amount that Lease–Sea is indebted to them. From the pleadings in this case, however, the Court cannot make a finding as to when the automobiles and boats were delivered to Lease–Sea for storage, when the lease agreement ceased, and what was the amount of the set off because the record lacks appropriate information as to the cost of storage of the boats.

Accordingly, it is

ORDERED that RTC is entitled to set off in the amount of the cost of storage.

IT IS FURTHER ORDERED that within Fourteen (14) days from the date of this Order, RTC is to provide the Court with a copy of the storage agreement regarding both the automobiles and the boats and other relevant documentation.